# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

TIMOTHY BLICKENSTAFF,               )
                                    )
                Plaintiff,          )
                                    )
        v.                          )               No. 4:24-cv-00502-CDP
                                    )
FELICIA CRABTREE,                   )
                                    )
                Defendant.          )

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Timothy Blickenstaff's application to proceed in the district court without prepaying fees or costs. After reviewing plaintiff's financial information, the Court grants plaintiff leave to proceed without payment of the filing fee.  Furthermore, after initial review, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff has filed a civil complaint, presumably under 42 U.S.C. § 1983, against defendant Felicia Crabtree. Although unclear, it seems Ms. Crabtree is the individual to whom plaintiff has paid child support. Plaintiff has attached to his complaint a form "Violation Warning Denial of Rights Under Color of Law," which is for individuals stating a claim under 18 U.S.C. § 242, 18 U.S.C. § 245, or 42 U.S.C. § 1983.

For his Statement of Claim, the Civil Complaint form asks:

1.    What happened to you?
2.    When did it happen?
3.    Where did it happen?
4.    What injuries did you suffer?
5.    What did each defendant personally do, or fail to do, to harm you?

Plaintiff responds:

-2-

1.      I was paying child support on an administrat[ive] order and judicial order.
2.      2012-2015
3.      Jefferson County
4.      None
5.       Defendant failed to notify DFS of overpayments.

These five answers are the only allegations he makes in the complaint. For relief, plaintiff states that he is seeking $70,000.

## Discussion

The Court has very little information regarding plaintiff's claim. According to his attached Violation Warning, he is attempting to bring claims under 18 U.S.C. §§242 and 245 and 42 U.S.C. § 1983. Statutes 18 U.S.C. §§ 242 and 245, however, establish criminal liability for certain deprivations of civil rights. These two criminal statutes provide for prosecution by the United States; neither of them, by their terms or structure, provide for a private right of action. *See Brown v. Express Scripts*, 2018 WL 1295482, at *2 (E.D. Mo. 2018) (dismissing plaintiff's claim brought under 18 U.S.C. § 242 because plaintiff had no private right of action); *Roberson v. Pearson*, 2012 WL 4128303, at *1 (D. Minn. 2012) (stating that 18 U.S.C. § 245 is a federal criminal statute "that cannot provide the basis for any private cause of action").

Assuming plaintiff is proceeding under 42 U.S.C. § 1983, which provides a private right of action and damages for violations of rights guaranteed by the United States Constitution, plaintiff's claims are time barred by the statute of limitations. Plaintiff states that the claims arose between 2012 and 2015. While there is no statute of limitations contained within 42 U.S.C. § 1983, the Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*,

-3-

650 F.3d 1198, 1205 (8th Cir. 2011). Thus, for cases arising in Missouri, the five-year statute of limitations for personal injury actions found in Missouri Revised Statute § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). While the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has expired. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). According to plaintiff, the date of the last alleged violation was in 2015. Thus, he would have had to have filed this action in 2020. He did not file this action until April 3, 2024, and thus it is barred by the five-year statute of limitations.

Additionally, it appears plaintiff is suing the person to whom he was paying child support. There is no indication that this person was "acting under color of law," which is required under § 1983. "Generally speaking, a public employee acts under color of law when he exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Johnson v. Phillips*, 664 F.3d 232, 239-40 (8th Cir. 2011). This element of a § 1983 claim is satisfied if a defendant acts or purports to act in the performance of her official duties, even if she oversteps her authority and misuses her power. *Dossett v. First State Bank*, 399 F.3d 940, 948 (8th Cir. 2005). Although plaintiff has not identified his relationship with defendant Crabtree, he has not alleged she is a public employee or acting under color of law subject to suit under § 1983.

For these reasons, plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court

-4-

without prepaying fees and costs is **GRANTED**. [ECF No. 2]

      **IT IS FURTHER ORDERED** that this action will be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

      **IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 3]

      An Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of April, 2024.

                         _____
                         CATHERINE D. PERRY
                         UNITED STATES DISTRICT JUDGE